IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-03341-PAB-STV

ETANA CUSTODY INC., f/k/a Etana Trust Company d/b/a Etana Custody Limited,

    Plaintiff,

v.

STRATFORD SOLUTIONS SL,

    Defendant.

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Default Judgment for a Sum Certain [Docket No. 14].

**I. BACKGROUND**[1]

Plaintiff Etana Custody, Inc. ("Etana") is a corporation that establishes and maintains "custodial accounts," similar to traditional bank accounts, that "allow clients to deposit, hold, and transfer digital assets and securities commonly known as cryptocurrencies." Docket No. 1 at 1, ¶ 2. Beginning in June 2020, defendant Stratford Solutions SL ("Stratford") was one such client. *Id.* at 2, ¶ 3. In August 2023, Stratford initiated a €148,225 wire transfer into one of its accounts with Etana. *Id.*, ¶ 5. Before the wire transfer was complete, Stratford used its Etana account to buy €148,225 in bitcoin off of a third-party trading platform and exchange. *Id.* After the purchase of the

---

[1] Because of the Clerk of Court's entry of default against defendant, *see* Docket No. 12, the factual allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

bitcoin was complete, Stratford cancelled, stopped, or reversed the wire transfer into its Etana account, with the result that Stratford never actually deposited into its Etana account the €148,225 that it used to buy the bitcoin.  *Id.*, ¶¶ 6-7.  Thus, Stratford obtained €148,225 in bitcoin without paying for it.  *Id.*, ¶ 8.  Stratford did not respond to Etana's demand that Stratford pay for the bitcoin it purchased and it refuses to reimburse or indemnify Etana for the €148,225 it did not deposit into Stratford's account at Etana.  *Id.* at 2-3, ¶¶ 9-10.

Etana filed a complaint on December 19, 2023, bringing three claims against Stratford: (1) breach of contract and breach of the implied covenant of good faith and fair dealing; (2) unjust enrichment; and (3) civil theft.  *Id.* at 6-9, ¶¶ 35-57.  Etana filed proof of service on February 6, 2024.  Docket No. 10.  Stratford has not appeared in this case.  On February 21, 2024, Etana filed a motion for entry of clerk's default judgment.  Docket No. 11.  The Clerk of Court entered default as to Stratford on February 22, 2024.  Docket No. 12.  On February 26, 2024, Etana filed a motion for default judgment for a sum certain.  Docket No. 14.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id*. It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v.*

3

*Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

## III. ANALYSIS

### Jurisdiction

Before addressing the merits of Etana's motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and personal jurisdiction over Stratford. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").

#### *Subject Matter Jurisdiction*

Etana's complaint alleges that the Court has diversity jurisdiction over the case under 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 14. In its corporate disclosure statement, Etana states that it is incorporated in Colorado and has a principal place of business in Denver, Colorado, Docket No. 7 at 1, thus establishing that Etana is a Colorado citizen.

4

*See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). As to Stratford's citizenship, the complaint states that, "[u]pon information and belief, Stratford is domiciled in Spain with its principal place of business in Spain, at Doctor Benapress 36, Sitges 08870, Spain." Docket No. 1 at 3, ¶ 12. "The lion's share of federal authority, however, concludes that allegations of citizenship made on 'information and belief' are insufficient to establish diversity jurisdiction." *Aghdashloo v. Mohseni*, 2022 WL 4630042, at *4 (S.D. Ohio Sep. 30, 2022) (collecting cases); *see also BSG Clearing Sols. of N. Am., LLC, v. Durham Tech., LLC,* 2018 WL 6219812, at *3 (W.D. Tex. Nov. 20, 2018) ("Courts are clear that 'conclusory allegations based on information and belief' are insufficient to support a default judgment." (quoting *J & J Sports Prods., Inc. v. Daley*, 2007 WL 7135707, at *3-4 (E.D.N.Y. Feb. 15, 2007))). Therefore, plaintiff's allegation, based on information and belief, as to Stratford's citizenship, is insufficient to establish that the Court has diversity jurisdiction over this matter.

Moreover, even if Etana's allegation that Stratford is "domiciled" in Spain with a principal place of business in Spain, *see* Docket No. 1 at 3, ¶ 12, was based on something more than information and belief, it would still be insufficient to establish Stratford's citizenship. It is not clear from Etana's pleadings whether Stratford is a corporation or some type of unincorporated entity. This information is critical to the Court's jurisdictional analysis since the citizenship of a corporation is determined differently than the citizenship of other entities. *See SWM Int'l, LLC v. DynaEnergetics Europe GmbH*, No. 21-cv-02315-PAB, 2022 WL 93851, at *2 (D. Colo. Jan. 10, 2022)

5

(holding that the court was unable to determine whether it had diversity jurisdiction where plaintiff had not "provided any information as to whether a GmbH is comparable to a corporation or a limited liability company for diversity purposes").

A corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, if Stratford is a corporation organized under the laws of Spain and its primary place of business is also in Spain, then Stratford will be a citizen of Spain alone for diversity purposes. *See JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91-92 (2002) (holding that a corporation organized under the laws of a foreign country is deemed to be a citizen of that country); *Oteng v. Golden Star Resources, Ltd.*, 615 F. Supp. 2d 1228, 1234-35 (D. Colo. 2009) (holding that corporation was a citizen of Canada and Ghana because it was organized under the laws of Canada with its principal place of business in Ghana).

However, if Stratford is an unincorporated association, its citizenship is determined not by its place of incorporation and principal place of business, but by the citizenship of its members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.") (citations omitted); *Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. Alliance Atlantis Int'l Distrib., LLC*, 2013 WL 6055328, at *4 (C.D. Cal. Nov. 15, 2013) (holding that German LLC's citizenship is determined by the citizenship of its members) (citations omitted).

6

Because Etana has failed to identify the type of entity that Stratford is and has failed to provide the Court with the information required to determine the citizenship of either a corporation or unincorporated entity, the Court is unable to conclude that it has diversity jurisdiction over this case. For this reason, the Court will deny the motion for default judgment and order Etana to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (holding that, in absence of jurisdiction, a court is "powerless to continue") (citation omitted).

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Motion for Default Judgment for a Sum Certain [Docket No. 14] is **DENIED without prejudice**. It is further

**ORDERED** that, on or before **September 30, 2024**, Etana shall show cause why this case should not be dismissed for lack of subject matter jurisdiction.

DATED September 9, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge