IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-03341-PAB-STV

ETANA CUSTODY INC., f/k/a Etana Trust Company d/b/a Etana Custody Limited,

    Plaintiff,

v.

STRATFORD SOLUTIONS SL,

    Defendant.

## ORDER

    This matter comes before the Court on defendant's Motion to Stay Briefing as to Plaintiff's Motion for Default Judgment, or in the Alternative, For Extension of Time [Docket No. 28]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

    On December 19, 2023, plaintiff Etana Custody, Inc. ("Etana") filed this action against defendant Stratford Solutions SL ("Stratford"). Docket No. 1.[1] Etana served Stratford on January 29, 2024. Docket No. 10 at 2. On February 21, 2024, Etana moved for an entry of default, Docket No. 11, which the Clerk of the Court entered on February 22, 2024. Docket No. 12. On February 26, 2024, Etana filed a motion for default judgment. Docket No. 14.

    On September 9, 2024, the Court denied Etana's motion for default judgment, finding that, based on the information Etana supplied, the Court could not determine

---

[1] The underlying allegations in this case, which are not relevant to this order, are discussed in the Court's order issued on September 9, 2024. *See* Docket No. 18 at 1-2.

whether it had subject matter jurisdiction over the case.  Docket No. 18 at 7.  The Court ordered Etana to show cause why the case should not be dismissed for lack of subject matter jurisdiction.  *Id.*  Etana then submitted documents that established the Court's subject matter jurisdiction under 28 U.S.C. § 1332, Docket No. 19, and the Court discharged the order to show cause.  Docket No. 29.

On March 11, 2025, pursuant to an order of the assigned magistrate judge, *see* Docket No. 21, Etana filed a renewed motion for default judgment.  *See* Docket Nos. 21, 24.  On March 18, 2025, Stratford appeared in this case and filed an answer to the complaint and a motion to set aside the clerk's entry of default.  *See* Docket Nos. 25, 26, 27.  On April 1, 2025, Stratford filed a motion requesting that the action be stayed pending a ruling on the motion to set aside the entry of default or, in the alternative, a 30-day extension to respond to the renewed motion for default judgment.  Docket No. 28.  On April 22, 2025, Etana filed a response opposing Stratford's request.  Docket No. 31.  On May 4, 2025, Stratford filed a reply.  Docket No. 33.

A court may enter a stay of proceedings incidental to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 WL 7005106, at *1 (D. Colo. Dec. 9, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  However, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted).  Stays of all proceedings in a case are thus "generally disfavored in this District" and are

considered to be "the exception rather than the rule." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015). A stay may, however, be appropriate in certain circumstances. Courts in this district consider the following factors (the "*String Cheese* factors") in determining whether a stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Springmeadows Condo. Ass'n*, 2014 WL 7005106, at *1 (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

Stratford argues that a stay would not prejudice Etana since "this Court must first rule on the pending motion for relief for default before addressing the present motion for default." Docket No. 28 at 3. Stratford also argues that it would be substantially burdened if the Court does not grant the stay, as Stratford believes it will need to obtain expert analysis in order to challenge the portion of the renewed motion for default judgment that seeks attorneys' fees. *Id.* The Court is not persuaded by Stratford's argument that Etana would not be prejudiced by a stay. Etana filed this case in December 2023, *see* Docket No 1, which has been delayed, in part, to Stratford's failure to appear in this case. A stay of the proceedings would only further the delay. More importantly, the Court finds that Stratford's argument regarding the burden it faces is unpersuasive. Responding to a motion is an ordinary burden of litigating a case and does not warrant a stay. *Bank of Colo. v. Wibaux 1, LLC*, No. 17-cv-02871-CMA-KMT, 2018 WL 2562662, at *4 (D. Colo. June 4, 2018); *see also Orbitcom, Inc. v. Qwest*

3

*Commc'ns Corp.*, No. 09-cv-00181-WDM-KLM, 2009 WL 1668547, at *1 (D. Colo. June 15, 2009). The Court has also considered the remaining *String Cheese* factors and finds that none of them weighs in favor of a stay. The Court will therefore deny the motion insofar as it requests a stay. The Court will, however, grant Stratford's request that it be given an extension of time to file its response to the renewed motion for default judgment, which otherwise would have been due on April 2, 2025.

It is therefore

**ORDERED** that the Motion to Stay Briefing as to Plaintiff's Motion for Default Judgment, or in the Alternative, For Extension of Time [Docket No. 28] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that defendant Stratford Solutions SL shall file a response to Plaintiff's Renewed Motion for Default Judgment for a Sum Certain [Docket No. 24] on or before **June 3, 2025**.

DATED May 20, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4